UNITED STATES DISTRICT COURT

EASTERN DISTRUCT OF CALIFORNIA

GEORGE P. SALEMO,

        Plaintiff,        CIV. S-04-0196 MCE PAN PS

    v.

E*TRADE SECURITIES, LLC,        ORDER

        Defendant.

-o0o-

On May 9, 2005, the Honorable Morrison C. England, Jr., granted defendant's motion to compel arbitration and stayed these proceedings pending completion of arbitration. On August 24, plaintiff filed a "Motion for Appointment of Arbitrator" pursuant to 9 U.S.C. § 5 on the ground plaintiff "has since the order been undergoing various medical procedures and was not available to file this motion."

9 U.S.C. § 5 provides that the appointment of an arbitrator shall be made pursuant to the procedure set forth in

the parties' arbitration agreement or, if not so provided, by the court's designation upon application of either party.[1]

On September 9, defendant filed and served upon plaintiff an opposition including the Code of Arbitration Procedure for the National Association of Securities Dealers, Inc. ("NASD"), the procedures applicable to the dispute between these parties.  See E*TRADE Customer Agreement (p. 7, ¶ 31B ("arbitration shall be conducted in accordance with the rules then in effect of the National Association of Securities Dealers, Inc."); Findings and Recommendations filed April 5, 2005, at pp. 2-3, 6.  NASD Rule 10308 provides for the selection of an arbitrator, and Rule 10314 (or Rule 10302 if plaintiff reduces his claim to $25,000 or less) sets forth the procedures for initiating arbitration and obtaining appointment of an arbitrator.  Defendant has also provided the address and telephone number of NASD Dispute Resolution, Inc., if plaintiff requires further information.

Inasmuch as appointment of an arbitrator is provided by

---

[1] 9 U.S.C. § 5 provides:

If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

1  the parties' agreement to abide by NASD rules and plaintiff has
2  yet to initiate any proceedings pursuant to those rules,
3  plaintiff's motion before this court is at best premature and
4  therefore denied.
5       So ordered.
6       Dated:  November 9, 2005.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge