IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE P. SALEMO,

        Plaintiff,                      No. CIV S-04-0196 MCE EFB PS

        vs.

E*TRADE SECURITIES, LLC,

        Defendant.                  <u>ORDER</u>

_____/

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On May 9, 2005, the district judge adopted the findings and recommendations of the previously assigned magistrate judge, and ordered the proceedings stayed pending completion of arbitration proceedings.[1]

        On June 29, 2007, the court issued an order directing the parties to file a report regarding the status of the action. On July 16, 2007, plaintiff filed a statement indicating that the National Association of Securities Dealers had completed arbitration proceedings on February 15, 2007, and that a written decision was forthcoming. On April 23, 2008, the court issued another order

---

[1] This action was reassigned to the undersigned on August 29, 2006.

1

1 directing the parties to apprise the court of the status of the arbitration proceedings. Defendant
2 responded to that order with a status report indicating that the arbitration had been decided in its
3 favor, and attached as an exhibit to its report a copy of the arbitrators' final award. Defendant
4 also requested that the court dismiss this action without prejudice because all questions presented
5 in the amended complaint had been resolved through binding arbitration.

6      Plaintiff has not responded to defendant's request for dismissal, nor has he filed the status
7 report as ordered. Neither has plaintiff heeded his obligations under the court's local rules. On
8 May 22, 2008, the court's April 23, 2008, order was returned as undeliverable. Plaintiff is
9 obliged to keep the court apprised of his address. *See* Local Rule 83-183(b) ("a party, appearing
10 *in propria persona* shall keep the Court and opposing parties advised as to his or her current
11 address). That rule further provides that "[i]f mail directed to a plaintiff *in propria persona* by
12 the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and
13 opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the
14 action without prejudice for failure to prosecute." *Id.*

15      Plaintiff's failure to comply with the local rules and to obey court orders may result in
16 sanctions, including dismissal. *See* Local Rule 11-110. Plaintiff's will be given one last
17 opportunity to file a response to defendant's request for dismissal or otherwise show cause why
18 this action should not be dismissed. Failure to file a response within twenty days from the date
19 of service of this order will result in a recommendation that this action be dismissed.

20      SO ORDERED.
21 DATED: June 13, 2008.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE

2