IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE P. SALEMO,

        Plaintiff,                          No. CIV S-04-0196 MCE EFB PS

      vs.

E*TRADE SECURITIES, LLC,

        Defendant.                    FINDINGS AND RECOMMENDATIONS

_____/

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On May 9, 2005, the district judge adopted the findings and recommendations of the previously assigned magistrate judge, and ordered the proceedings stayed pending completion of arbitration proceedings.[1]

        On June 29, 2007, this court issued an order directing the parties to file a report regarding the status of the action. On July 16, 2007, plaintiff filed a statement indicating that the National Association of Securities Dealers had completed arbitration proceedings on February 15, 2007, and that a written decision was forthcoming. On April 23, 2008, the court issued an order

---

[1] This action was reassigned to the undersigned on August 29, 2006.

1

directing the parties to apprise the court of the status of the arbitration proceedings.  Defendant responded to that order with a status report indicating that the arbitration had been decided in its favor, and attached as an exhibit to its report a copy of the arbitrators' final award.  Defendant also requested that the court dismiss this action without prejudice because all questions presented in the amended complaint had been resolved through binding arbitration.

Plaintiff did not respond to defendant's request for dismissal, nor did he file the status report as ordered.  On May 22, 2008, the court's April 23, 2008, order was returned as undeliverable.  Plaintiff is obliged to keep the court apprised of his address.  *See* Local Rule 83-183(b) ("a party, appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address).  That rule further provides that "[i]f mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."  *Id.*  Additionally. Local Rule 11-110 provides for imposition of sanctions on a party for failure to comply with rules and orders of the court.

On June 13, 2008, the court issued an order directing plaintiff to file within twenty days a written response to defendant's request for dismissal or to otherwise show cause why this action should not be dismissed for the previous failures to comply with court orders and the rules of court.  That order admonished plaintiff that failure to file a timely response would result in a recommendation that this action be dismissed.  The time for responding to that order has expired, and plaintiff has failed to file any response or to take any steps to apprise the court of his current address..[2]  It appears that plaintiff has abandoned the case.

////

////

---

[2] The order was returned as undeliverable on June 17, 2008, and June 30, 2008.

2

1    In accordance with the foregoing, IT IS RECOMMENDED that this action be dismissed
2 and that the Clerk be directed to close this case.  *See* Fed. R. Civ. P. 41(b); Local Rules 11-110
3 and 83-183(b).
4    These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)
6 days after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties.  Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
9 shall be served and filed within ten (10) days after service of the objections.  The parties are
10 advised that failure to file objections within the specified time may waive the right to appeal the
11 District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
12 951 F.2d 1153, 1157 (9th Cir. 1991).
13 DATED: August 11, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3